IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 2:20-CR-00015-Z-BR |
| | § | |
| NOEL MANDUJANO (2) | § | |

**REPORT AND RECOMMENDATION ON PLEA OF GUILTY
BEFORE THE UNITED STATES MAGISTRATE JUDGE**

Defendant, NOEL MANDUJANO (2), by consent and under the authority of *United States v. Dees*, 125 F.3d 261 (5th Cir. 1997) and Third Amended Special Order 13-9,[1] appeared with counsel by video teleconference before the undersigned United States magistrate judge for the purpose of entering a plea of guilty under Rule 11 of the Federal Rules of Criminal Procedure. The undersigned determined that Defendant knowingly and voluntarily consented to enter a plea of guilty by video teleconferencing after consultation with counsel. Defendant also acknowledged at the conclusion of the guilty plea proceeding that he was able to fully participate in the proceeding even though he did so by video teleconference.

Defendant was placed under oath and personally examined in open court by the undersigned concerning the subjects in Rule 11(b)(1) and the undersigned determined that Defendant understood each subject.

Defendant pleaded guilty, under a plea bargain agreement with the government, to Count One of the one-count Superseding Information charging Defendant with a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) - Possession with Intent to Distribute 50 Grams or more of

---

[1] Special Order 13-9 and its amendments authorized the use of video teleconferencing for the taking of felony guilty pleas in cases in which the district judge has made a finding that the plea cannot be further delayed without serious harm to the interests of justice. Upon the joint motion of both parties, the district judge has made such a finding in this case.

Methamphetamine. After examining Defendant under oath, the undersigned magistrate judge finds the following:

1. Defendant, upon advice of counsel, has consented orally and in writing to enter this guilty plea before a magistrate judge subject to final approval and sentencing by the presiding district judge;

2. Defendant fully understands the nature of the charges, including each essential element of the offense(s) charged and the associated penalties;

3. Defendant fully understands the terms of the plea agreement and plea agreement supplement;

4. Defendant understands all constitutional and statutory rights and wishes to waive those rights, including the right to a trial by jury and the right to appear before a United States district judge;

5. Defendant's plea is made freely and voluntarily;

6. Defendant is competent to enter this plea of guilty;

7. There is a factual basis for Defendant's plea of guilty; and

8. The ends of justice are served by acceptance of Defendant's plea of guilty.

Based on the above, I recommend that Defendant's plea of guilty be accepted, that Defendant be adjudged guilty, and that sentence be imposed accordingly.

Although I have conducted these proceedings and accepted Defendant's plea of guilty, the United States district judge has the power to review my actions and possesses final decision-making authority in this proceeding. Thus, if Defendant has any objections to these findings or any other action of the undersigned, he is required to make those known to the United States district judge within fourteen (14) days of today.

The Clerk will furnish a copy of this Order to each of attorney of record.

Signed on: March 11, 2021.

JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE